[Crim. No. 1093.   Fourth Dist.   Mar. 19, 1957.]

THE PEOPLE, Respondent, v. RAYMOND BEAN,
Appellant.

David S. Folsom, under appointment by the District Court of Appeal, and Holliday & Folsom for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant and two other youths were jointly charged with a violation of section 11500 of the Health and Safety Code, it being alleged that on or about March 12, 1956, they unlawfully possessed a certain narcotic, marijuana. A jury returned verdicts of guilty as to each defendant. The court denied probation, and judgment was entered committing all three defendants to the California Youth Authority. The appellant has appealed from the judgment and from an order denying his motion for a new trial. He admits that the evidence, although conflicting, was sufficient to support the verdict but contends that prejudicial error appears in connection with the admission of one item of evidence, and in one statement made by the court to the jury.

On March 12, 1956, at about 7:45 p. m. a Mrs. Graves parked her car in a drive-in restaurant in Chula Vista. A Mrs. Mason and Peggy Ryan, a 14-year-old girl, were in the car with her. They had gone there looking for Mrs. Graves' daughter Betty. Parking spaces were marked on the pavement with white lines, and Mrs. Graves parked in Stall Number 5. A car owned by the appellant Bean and occupied by the three defendants was parked in Stall Number 3, with an intervening space between it and Mrs. Graves' car.

A few moments after arriving at the drive-in Peggy Ryan went over to the car occupied by the three boys and inquired as to whether or not they knew Betty or had seen her. She received a negative reply and returned to the Graves car. A few minutes later she again went over to the other car and talked to the boys. She noticed a strange odor in that car which she described as sweet and musty; and she observed

the three boys smoking a brown or tan-colored cigarette, which they were passing from one person to another. The radio in the boys' car was turned up very loud and the boys were acting in a peculiar manner, waving their arms, and talking and cursing in extremely loud voices. Peggy thought they were drunk. The language and actions of the boys were observed also by Mrs. Graves and Mrs. Mason. The license number of this other car was written down by one of the occupants of the Graves car. The occupants of the Graves car then saw two cigarette butts flipped or dropped from the other car, and that car drove away. Mrs. Mason and Peggy went over to where the other car had been parked and picked up several cigarette butts. Mrs. Mason picked up a tan-colored cigarette butt. She observed that it was different from the other cigarette butts, she smelled it and had Peggy smell it. Peggy testified that it smelled like what she had smelled from the car earlier, but that "the cigarette wasn't as strong as the odor in the car." They then drove to the police station, and Mrs. Mason turned the tan-colored cigarette butt over to the police officers. The cigarette butt was identified as containing marijuana, and was introduced in evidence. There was also evidence that this cigarette butt had the appearance of being home-made. A police officer with experience in the detection of narcotics testified that the odor of marijuana which has been partly burned is sweet and musty, and that to him it smelled something like burning alfalfa. The appellant was arrested on March 27, 1956, at which time his automobile was taken by the officers and locked in a police garage. Two days later the car was searched and marijuana seeds were discovered scattered under the driver's seat, under the floor mat near the door, and along the ridge of the rear door on the left side of the car. These seeds were collected, identified and introduced in evidence.

The appellant first contends that the court committed prejudicial error in admitting the evidence with respect to the finding of these marijuana seeds in his automobile 17 days after the date of the commission of the offense for which he was on trial. It is argued that this was evidence of an independent crime, and that it was not admissible because it did not tend to prove any fact material to the charge on which he was being tried, and was not a part of the res gestae, and did not tend to show guilty knowledge or a common plan or scheme. He relies particularly on the cases of *People* v. *Albertson,* 23 Cal.2d 550 [145 P.2d 7]; *People* v.

*Lapin,* 138 Cal.App.2d 251 [291 P.2d 575], and *People* v. *Musumeci,* 133 Cal.App.2d 354 [284 P.2d 168].

An objection to this evidence was made, in the absence of the jury, on the ground that it was an attempt to show an entirely different crime, and one for which the other defendants were not charged. The court ruled that the evidence was admissible, stating that it might show familiarity and association with narcotics of the same kind the appellant was accused of having in that cigarette; that it was up to the jury to determine whether he had knowledge of it; that counsel could bring out when the appellant bought the car and whether he knew anything about it; and that it was up to the jury to determine whether or not it was in the car when he bought it, or whether he put it there. After the jury returned the court, at the suggestion of counsel for the other defendants, instructed the jury that the testimony about to be offered was binding only on the appellant and not on the other defendants. The officer then testified about finding the seeds, without further objection. In his instructions the court told the jury that none of the defendants were being tried "for those seeds that were found in the car"; that the only purpose for permitting that evidence to be introduced was to show the presence of these seeds and that "whoever put them in the car was familiar with the use and possession of narcotics"; that the appellant had testified that he did not put the seeds there; and that it was for the jury to determine whether the seeds were put there by him or by someone else, or whether the seeds were there at the time he purchased the car. The appellant had owned the car for about four months.

It is well established that evidence which is otherwise admissible is not rendered inadmissible by reason of the fact that it may show the commission of another and distinct offense from that for which the defendant is on trial. (*People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924] ; *People* v. *Torres,* 98 Cal. App.2d 189 [219 P.2d 480].) As stated in many cases, the general test of relevancy is whether the evidence tends logically, naturally and by reasonable inference to establish any material fact or to overcome any material matter sought to be proved by the defense, and that evidence of other acts of a similar nature may be admitted, when not too remote, to prove a material fact or where it tends to show motive, plan, scheme or system or to show guilty knowledge.

It is now necessary for the prosecution to show that a defendant charged with possession of narcotics knew that the

objects in his possession were narcotics. (*People* v. *Winston*, 46 Cal.2d 151 [293 P.2d 40].) The cases cited by the appellant are distinguishable on their facts and the case of *People* v. *Musumeci*, 133 Cal.App.2d 354 [284 P.2d 168] was distinguished in the case of *People* v. *Tabb*, 137 Cal.App.2d 167 [289 P.2d 858]. ▪▪▪ Since one element of the offense here charged was appellant's knowledge that the substance he possessed was a narcotic, it was proper to introduce evidence tending to show that he was familiar with marijuana. The evidence here complained of tended in some degree to show such knowledge. Also, the presence in the car of marijuana seeds would be material in view of the evidence indicating that this cigarette was "home-made." It indicated that there had been a larger quantity of marijuana in the car at some time, and the inferences reasonably to be drawn were for the jury. The fact that the seeds were found after, instead of before, the date of the offense with which he was charged would make little difference under the circumstances here, and the question of remoteness was one for the jury in weighing all of the evidence in this connection, including the appellant's denial that he had placed the seeds in the car or knew anything about them. The jury was instructed that the appellant was not being tried for having those seeds in his car, and instructed as to the purpose of receiving that testimony. In our opinion, no reversible error appears in this connection.

It is next contended that the court erred in "instructing the jury that he would not send a person to the state penitentiary for a first offense." In this connection it appears that appellant's attorney, in his argument to the jury, stated that nothing more than a suspicion had been here shown; that it is not in the American custom to convict a man and send him to prison on suspicion; and that "Suspicion isn't a sufficient ground to send a man to prison, to make him an ex-convict." In beginning his instructions the court stated that something had been said in the argument about sending these boys to the state prison and ruining their lives. He then said that this "has no place in the argument," and that he would later give an instruction to the effect that the penalty to be imposed was no concern of the jury. He then went on to say that as far as he could recall he had never sent a person to the state penitentiary for possession of marijuana when it was his first offense; that he wanted to correct the erroneous impression made by the argument; and that the

matter of punishment was not a concern of the jury. ■ He later instructed the jury that "In arriving at a verdict in this case the subject of the penalty or punishment is not to be discussed or considered by you, as that matter is one that lies solely with the court and must not in any way affect your decision as to the innocence or guilt of the defendant." The court's formal instruction on this matter, and a part of the general statement made, correctly stated the law. ■ The portion of the statement to the effect that the judge had never sent anyone to the penitentiary in a case of this nature should not have been made even though it was suggested, if not invited, by the argument of appellant's counsel. We have read the entire transcript and, in view of the record as a whole, we are unable to agree with appellant that the improper statement thus made by the judge was sufficiently prejudicial to justify a reversal.

Some contention was made in the opening brief that the district attorney was guilty of misconduct in saying to the jury, during his argument, that appellant's witnesses were "all members of a gang." In his closing brief the appellant concedes that this contention is not sustained by the record.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1957. Carter, J., was of the opinion that the petition should be granted.