[Crim. No. 3511. First Dist., Div. Two. Aug. 25, 1958.]

THE PEOPLE, Respondent, v. TRAVIS SANDERS, Appellant.

Nubar Tashjian, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—After jury trial, defendant was found guilty of sale, possession and transportation of marijuana, and was sentenced to prison. He appeals from the judgment.

One Henson, an undercover agent employed by the district attorney, testified that appellant shared with Henson and an-

other the smoking of a marijuana cigarette to show Henson the quality of appellant's product, sold Henson a quantity of marijuana, drove Henson to the latter's home to hide the marijuana, and then shared the smoking of another such cigarette.

■ Appellant asserts error in statements of the prosecuting attorney and in testimony of an inspector, all tending to show the integrity of Henson and the generally poor reputation of the area where the crimes were committed. It is doubtful that these claims of error are well founded. If they were, they could not avail appellant, since no objection was made at trial. (3 Cal.Jur.2d 604.)

■ The offenses charged were committed August 13, 1957. Appellant was arrested October 15. His automobile was seized at that time and examined next day. A partially smoked marijuana cigarette was found in it, and was introduced in evidence over appellant's objection. Appellant asserts error in the admission of this evidence. The court instructed the jury that such evidence was not received to show distinct offenses or continued criminality, but only for such bearing as it might have upon appellant's innocence or guilt of the offenses here charged. (CALJIC 33.) The mere fact that the evidence showed an offense other than that charged does not render it inadmissible. (*People* v. *Peete*, 28 Cal.2d 306, 314-315 [169 P.2d 924].) Here the evidence had some tendency to show knowledge by appellant of the narcotic character of the substance sold to Henson. Also, the partially smoked, hand rolled cigarette found in the car could be compared with the two similar remnants, already in evidence, of the cigarettes which Henson testified were smoked by appellant, jointly with others. The fact that the cigarette was found after the charged offenses does not destroy its admissibility. (*People* v. *Freytas*, 157 Cal.App.2d 706, 719 [321 P.2d 782]; *People* v. *Bean*, 149 Cal.App.2d 299 [308 P.2d 27].) Here the lapse of time was greater than in the cited cases, but we cannot say, as a matter of law, that the evidence is too remote to be relevant. This was primarily a question for the trial court. In the light of the instruction given, we see no prejudice to appellant.

■ Appellant also urges error in the giving of an instruction that "the mere possession of one of the prohibitive narcotics is a violation of the law, and it is not required that the accused have specific knowledge as to the exact nature of the drug possessed." The first clause of this instruction may be

subject to the construction that knowledge of the narcotic character of the article possessed is not necessary. To the extent that it carries this implication, it is erroneous. Knowledge of the narcotic character of the substance possessed, sold or transported is essential. (*People* v. *Winston,* 46 Cal.2d 151, 161 [293 P.2d 40]; *People* v. *Candiotto,* 128 Cal.App.2d 347 [275 P.2d 500].) The second clause of this instruction has no possible relevance to the facts of this case. The instruction is therefore disapproved. However, the error was not prejudicial. Other instructions fully advised the jury that appellant could be found guilty only if he knew the narcotic character of the marijuana. Appellant admitted some knowledge of marijuana, but denied personal participation in the transaction charged. He denied making any sale to Henson. But when the jury found that a sale was made, the price and the circumstances attending the transaction would necessarily imply knowledge by appellant of the narcotic nature of the substance sold, and therefore of the cigarette transported as a sample and that later smoked. We find no prejudice to appellant in the instruction complained of. (*People* v. *Winston, supra; People* v. *Perez,* 128 Cal.App.2d 750 [276 P.2d 72].)

Judgment affirmed.

Dooling, J., concurred.