[Crim. No. 3507. First Dist., Div. Two. Nov. 5, 1958.]

THE PEOPLE, Respondent, v. LOUIS A. JACKSON, Appellant.

*Assigned by Chairman of Judicial Council.

Patrick J. Kearns, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

MARTINELLI, J. pro tem.,*—The defendant was charged by an information cast in four counts, two counts charging separate sales of marijuana and two counts charging possession of marijuana. There were verdicts of guilty on all four counts. A motion for a new trial and a motion for probation were denied on December 31, 1957, and at this time, on motion of the deputy district attorney, the two possession counts were dismissed. Defendant appeals from the judgment and from the order denying the motion for a new trial.

The evidence showed that Robert Henson was employed by the district attorney of San Mateo County as a special undercover narcotics agent. Appellant was contacted by Henson for the purpose of arranging the purchase of marijuana cigarettes, and on September 17, 1957, Henson purchased 15 marijuana cigarettes from appellant. On September 26, 1957, appellant asked Henson whether he wished to buy more marijuana and on September 28, 1957, Henson purchased 15 marijuana cigarettes from appellant.

On October 15, 1957, appellant was arrested. Inspector Lamport, Chief Inspector of the San Mateo County District Attorney, after qualifying as an expert, was permitted to testify that at the time appellant was questioned after his arrest, he was under the influence of marijuana. No marijuana was found in appellant's possession when he was arrested.

When informed that he was being arrested for possession and selling of narcotics, appellant laughed, and when asked if he made a sale to Henson, he replied "that's ridiculous." Appellant testified and admitted knowing Henson but denied the sale and possession charges.

On appeal it is contended that there was prejudicial error committed (1) by the admission of inconsistent and irrelevant evidence, (2) by the giving and the failure to give certain instructions, (3) by the misconduct of the prosecutor.

■ 1. Appellant first contends that it was prejudicial error to permit Inspector Lamport to testify that a narcotics problem existed in San Mateo County and specifically in the East Palo Alto area, a Negro district. Upon objection the court ruled that this testimony was preliminary to show the

*Assigned by Chairman of Judicial Council.

necessity of hiring Henson and was to be admitted "for that purpose only." Thereafter no further objections were made to this line of testimony.

While this evidence was irrelevant to the issue of appellant's innocence or guilt and the reason or necessity for employing Henson was not in issue, there was no prejudicial error. Since appellant's counsel pursued the issue of Henson's employment for the purpose of discrediting him and since he argued this point to the jury, the right to raise this question on appeal was waived. (*People* v. *Coontz*, 119 Cal.App.2d 276, 280 [259 P.2d 694].) At any rate the testimony was admitted for a limited purpose and the jury was instructed that they should not be influenced by passion or prejudice against appellant, and it must be assumed that the jury heeded the instruction. (*People* v. *Lamendola*, 119 Cal.App.2d 570, 572 [259 P. 2d 982].)

█ Appellant complains that irrelevant and prejudicial evidence was admitted to establish his alleged interest in white women.

Henson was asked several questions about his conversations with appellant. The question was asked, "Well, would you tell us what was said regarding, very briefly, generally regarding women?" No objection was made until the witness answered that appellant had asked him to "pick" him some white women. Upon objection the court agreed that the testimony was irrelevant and prejudicial. No motion to strike was made. Other testimony by Henson concerning this subject was in response to general questions as to what occurred at his meetings with appellant. When objections were made the court sustained them and in one instance struck the testimony. After the court's ruling the prosecutor attempted to restrict the witness' answers to conversations regarding narcotics in words no less clear than "Stay away from that subject, just on the narcotics." The reporter's transcript reveals other instances in which reference to "women" was had, without objection or motion to strike. Testimony concerning "women" was elicited by defense counsel without motion to strike. The district attorney mentioned "women" in his closing argument in the absence of objection or assignment.

The prosecutor attempted to elicit from another witness whether appellant had discussed women but upon objection the witness was not permitted to answer. Appellant was also asked whether he discussed girls with Henson but no objection was made.

Since the evidence was not admitted this contention is not valid, particularly since there was no motion to strike the testimony. (*People* v. *Lawrence,* 143 Cal. 148, 156 [76 P. 893, 68 L.R.A. 193]; *People* v. *Close,* 154 Cal.App.2d 545, 551 [316 P.2d 1019]; *People* v. *Simon,* 107 Cal.App.2d 105 [236 P.2d 855].) The jury was instructed that they could not consider evidence that had been rejected.

■ Appellant's contention that the prosecutor was guilty of misconduct "through his own behavior and through the behavior and evidence of two prosecution witnesses" again raises the issue of the prejudicial effect of this testimony. He asserts that the prosecutor elicited the testimony knowingly and wilfully for the sole purpose of degrading the witness. *People* v. *Anthony,* 185 Cal. 152 [196 P. 47], is cited, where the court held that improper questions by the district attorney constituted prejudicial error even though objections to the questions were sustained and the court promptly instructed the jury to disregard the questions.

Although appellant chooses to infer a motive on the part of the prosecution to degrade him, it is an equally reasonable inference that the prosecution considered the evidence to be relevant and that when the court ruled against its admissibility he complied with this ruling. The reporter's transcript indeed reveals that the district attorney, during the discussion between court and counsel concerning the subject of women, stated "We will tie it in with the marijuana, I believe." The district attorney's pursuit of the relationship between "women" and marijuana terminated with an objection sustained and a striking (without motion) of the testimony. At any rate the alleged misconduct could have been obviated by an assignment of error and an appropriate instruction. Since there was no assignment of misconduct and no request for an instruction the alleged misconduct cannot be taken advantage of for the first time on appeal. (*People* v. *Byrd,* 42 Cal. 2d 200, 208 [266 P.2d 505]; *People* v. *Simpson,* 43 Cal.2d 553 [275 P.2d 31].)

■ Appellant contends that it was error to admit evidence to show that appellant was under the influence of marijuana at the time of his arrest. The arrest was made 17 days after the alleged commission of the second sale charged. Upon objection to this testimony the court admitted it for the purpose of indicating knowledge. Appellant's counsel then stated that the defense did not "consist in any way of lack of intent

or lack of knowledge." It is argued that this was a stipulation that intent, motive and knowledge were not in issue and, therefore, the evidence was irrelevant and prejudicial.

■ There is no question that knowledge of the narcotic character of the substance is an essential element of the violation of the narcotics code. (*People* v. *Winston*, 46 Cal.2d 151 [293 P.2d 40] ; *People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433].) In *People* v. *Spencer*, 140 Cal.App.2d 97 [294 P.2d 997], the trial court had instructed the jury that evidence of a prior misdemeanor narcotics violation was admissible to establish knowledge of the narcotic nature of the drug alleged to have been possessed. This court held that since defendant was not advancing the defense that he was not acquainted with heroin, the risk of the jury's misuse of the evidence "should not be incurred if the evidence is not directed to a disputed issue in the case."

■ The instant case can be distinguished from the Spencer case in that not only was the purported stipulation not a direct admission of knowledge of marijuana, but also there was a specific denial by appellant of such knowledge. Although the actual issue being tried was whether or not the alleged crimes were committed by appellant, this specific denial made knowledge of marijuana an issue, and it was incumbent on the state to show appellant's knowledge.

The possession and sales charged were observed only by the undercover agent, and the verdict was thus dependent on whose testimony the jury believed, Henson's or appellant's. Therefore the evidence that appellant was under the influence of marijuana was potentially damaging to appellant and incurred a risk that the jury might misuse such evidence.

■ "Where evidence is properly admissible for a limited purpose only the courts recognize the danger that it may be improperly considered by the jury for other purposes [citation] but that is a risk which must ordinarily be taken if the evidence is admissible for some purpose, and a cautionary instruction limiting its use to the proper purpose is all the protection that the party can be given under the circumstances." (*People* v. *Spencer*, 140 Cal.App.2d 97, 104 [294 P.2d 997].)

■ The instruction given in the instant case adequately limits the use of this evidence.

The court instructed that this evidence was received for a limited purpose only, "Not to prove distinct offenses or continual criminality . . . ," and that the evidence could not be considered for any other purpose. It was then stated that the

value of the evidence "depends on whether or not it tends to show—

(1)—the identity of the person who committed the alleged crime in question in this case, if it was committed; or

(2)—that the defendant had a motive for the commission of the offense charged against him in this action; or

(3)—that the defendant entertained the intent which is a necessary element of the alleged crime for which he is now on trial, as pointed out in other of my instructions; or

(4)—that there existed in the mind of the defendant a plan, scheme, system or design, into which fitted the commission of the offense for which he now is on trial."

■ The evidence was too remote to be admissible to show motive, plan, scheme, system or design. (*People* v. *Lapin*, 138 Cal.App.2d 251 [291 P.2d 575]; *People* v. *Channell*, 136 Cal.App.2d 99 [288 P.2d 326].) ■ To be admissible as showing a general plan or scheme there must be "such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." (2 Wigmore on Evidence, p. 202, § 304.)

■ The evidence that appellant was under the influence of marijuana at the time of his arrest 17 days after the alleged commission of the second sale and possession charged, in addition to its capacity or tendency to prove knowledge, was further admissible as tending to prove a circumstance, not too remote, from which the jury might, if they would, draw an inference concerning the identity of the defendant as well as a circumstance to be considered with all other evidence tending to show possession of marijuana by defendant at the time or times charged.

■ Its tendency to prove a material fact, viz.: internal possession as a circumstance differs from the type of evidence considered in *People* v. *Bean*, 149 Cal.App.2d 299 [308 P.2d 27], and *People* v. *Sanders*, 163 Cal.App.2d 132 [328 P.2d 825], only in extension, weight, degree or probative force. These cases involved subsequent possession of marijuana in the isolated form of seed and cigarette. On this point of appeal we conclude that the trial court did no violence to the rule enunciated in *People* v. *Bean, supra*, viz.: "[T]he general test of relevancy is whether the evidence tends logically, naturally and by reasonable inference to establish any material fact or to overcome any material matter sought to be proved by the defense . . . "

 Appellant contends that several other instructions were misleading and prejudicially erroneous. Instructions were given concerning admissions and confessions in the absence of any statement by appellant which could be interpreted as an admission or confession. Appellant urges that since there was no evidence to support it, an instruction concerning admissions or confessions could well mislead the jury into thinking that appellant had made an oral admission or an oral confession.

There was no testimony or evidence tending even slightly to prove any admission or confession. Had there been any such evidence appellant's contention would incur serious aspects. Lacking such, appellant's predicate falls.

Indeed, the questioned instructions may well have accorded dignity and injected weight into testimony or evidence of a confession or admission had there been any, thus giving it a force not otherwise inherent. However, there was no evidence upon which the questioned instructions might impose their adverse weight. The argument that the weak was made strong finds no place in the record before us. The giving of these instructions was error. (*People* v. *Sanchez*, 30 Cal.2d 560 [184 P.2d 673]; *People* v. *Garnier*, 95 Cal.App.2d 489 [213 P.2d 111].) In both the Sanchez and Garnier cases, although it was held to be error to give an instruction which correctly states a principle of law having no application to the facts of the case, such error was held not to be prejudicial. Respondent contends that appellant has failed to show prejudice in the instant case. We believe such contention finds support in the entire record.

 The instructions on possession would seem to be confusing. Instruction 16 stating that defendant had the burden of proof to establish that he had a lawful prescription would seem inapplicable but not prejudicial.

The jury was instructed that the appellant must have had possession knowingly and that "[w]hile actual knowledge of the presence of narcotic substance is essential in such a case as this, the surrounding facts and circumstances may be sufficient to establish the essential facts of knowledge, and physical or constructive possession." Subsequently the jury was told *"that the mere possession of one of the prohibitive narcotics is a violation of the law,* and it is not required that the accused have specific knowledge as to the exact nature of the drug possessed." (Emphasis added.) *People* v. *Randolph,* 133 Cal.App. 192 [23 P.2d 777], was cited as authority for the

latter instruction. This case has been specifically disapproved insofar as its language "may indicate that 'mere possession of the narcotics' without knowledge of their narcotic nature would sustain a conviction." (*People* v. *Winston,* 46 Cal.2d 151, 160 [293 P.2d 40].) Therefore it would seem that the emphasized portion of this instruction was error, but it appears that the remaining portion of the instruction together with the other instruction corrected the error. Regardless of the confusing nature of this instruction if Henson's testimony was accepted as to his transactions with appellant, knowledge was clearly indicated and any error adhering to instructions on knowledge would not seem prejudicial.

 Appellant complains finally of the failure of the court to give an instruction on included offenses or cooperative acts constituting one offense. This contention is based upon the fact that the two counts charging possession on September 17 and September 28, 1957, were based upon the same two acts or transactions as the two sales counts. "[C]ooperative acts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted." (*People* v. *Roberts,* 40 Cal.2d 483, 491 [254 P.2d 501]; *People* v. *Clemett,* 208 Cal. 142, 144 [280 P. 681].)

 Respondent contends that appellant waived any objection by failing to request such an instruction. The trial court should have given the instruction on its own motion. (*People* v. *Bender,* 27 Cal.2d 164, 176 [163 P.2d 8]; *People* v. *Baker,* 42 Cal.2d 550, 576 [268 P.2d 705].) However, it does not appear that the failure to so instruct was prejudicial because the two possession counts were dismissed after the verdict.

 Appellant contends that he could find no authority that would allow the district attorney to elect which of the verdicts to stand on for the purpose of sentence. Since the maximum punishment for the crime of sale is greater than that for possession, appellant contends he was prejudiced. Of course it was the judge, not the district attorney, who dismissed the possession counts. In *People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241], it was contended that the trial court at the time of sentence did not have the power to strike a charge of prior conviction. In holding that the trial court had such power the Supreme Court stated: "The procedure of 'striking' or setting aside or dismissing, a charge of a prior convic-

tion (or any of multiple counts or allegations of an indictment or information) at the time of sentence is not expressly provided for by statute but it is commonly used in trial courts. . . ."

Respondent points out that in both the Roberts case, *supra,* and in *People* v. *Taylor,* 159 Cal.App.2d 752 [324 P.2d 715], the appellate court reversed possession and transportation judgments where these counts were necessarily incident to sale counts. Appellant argues that in those cases the maximum punishments for the counts involved were the same, so no prejudice resulted. There is evidence to support the sale verdicts and appellant admits that no injustice would have occurred if the possession counts had been dismissed prior to the trial or prior to argument. Clearly the jury could not consider the possible sentences in reaching their verdict and appellant merely argues that if the jury had been properly instructed they might have chosen to convict on the possession counts. No authority is cited for this contention and since it appears that the trial court had the power to dismiss, the failure to instruct was not prejudicial.

Applying to the errors cited by appellant and borne out by the record before us the test employed in *People* v. *Watson,* 46 Cal.2d 818 at page 837 [299 P.2d 243], we are of the opinion that it is not reasonably probable that a result more favorable to defendant would have been reached in the absence of the errors complained of. From an examination of the entire cause, including the evidence, it is our opinion that no miscarriage of justice has resulted.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied December 5, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1958.