[Crim. No. 1195. Fourth Dist. Nov. 21, 1958.]

THE PEOPLE, Respondent, v. SAXTON ROSS, Appellant.

Ray R. Goldie, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was convicted by a jury in count one of an information charging grand theft, charging that on July 5, 1957, he stole certain pipe having a value of approximately $1,400, and sold it to a junk dealer; and in count two that he stole a number of specially made cast iron rings from a concrete conduit company valued at $2,600.

According to the officers, defendant told them he and three others picked up the iron rings at the conduit company plant in their truck and defendant admitted he had no authority to do so. The property stolen was sufficiently identified and defendant's connection with the stealing and sale of it was fully established.

In defense, defendant testified he did not steal the property on the dates alleged; that the scrap iron sold by him was purchased by him in Corona and that he did not authorize nor go with the other persons to steal or sell the scrap iron as

alleged in any count. Defendant was acquitted of a charge (count three) of stealing iron buckets and other scrap iron claimed to have been sold by him.

The evidence showed that on July 5, 1957, defendant told one McGruder that he had made a deal to buy some metal wheels; that they, with others, went to the Spic and Span Truck Service and took 36 wheels and some small motors, loaded them on trucks, and took them to Imperial Valley; and that one truck load was sold by McGruder for $60 and the money was given to defendant. These articles were stolen from the Truck Service Company. McGruder, testifying for the prosecution, related in some detail the several transactions. He said he was working for defendant Ross, was driving one of the trucks, and was paid for his service. There was other corroborating evidence sufficiently establishing the commission by the defendant of the crimes charged.

Counsel for defendant, at the trial, filed notice of appeal. Subsequently, on this appeal, on application of defendant, other counsel was appointed to represent him. This counsel filed a report in lieu of an opening brief, reciting that he had made a close and exhaustive study of the entire record and that no substantial error or other ground of appeal was indicated. The attorney general presented a résumé of the evidence set forth, the rulings of the court, and reached the same conclusion after citing considerable authority in support of the judgment.

We have examined the entire record and agree that the evidence was sufficient to support the verdicts; that defendant was afforded a fair trial and no reversible error could be noted upon which an appeal could be properly predicated.

█ If it were claimed that the admission of evidence of the theft and sale of other scrap iron under similar circumstances on the days indicated was prejudicial, such claim would be untenable. It was admitted into evidence for the limited purpose of ''showing a common plan, scheme or design.''

According to the evidence, defendant and the others involved were engaged in a scheme of stealing scrap iron in trucks and selling it to junk dealers in this community, on or about the date charged. No prejudicial error appears in this respect. (*People* v. *Bean*, 149 Cal.App.2d 299, 302 [308 P.2d 27].)

Judgment and order denying a new trial affirmed.

Shepard, J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.