[Crim. No. 1558.   Fourth Dist.   Feb. 21, 1961.]

THE PEOPLE, Respondent, v. RAYMOND ROBERT TAYLOR, Appellant.

Edward P. Foley, Public Defender, for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was charged in a grand jury indictment in two counts with selling a narcotic (marijuana) on September 10, 1959, and on September 22, 1959, in violation of Health and Safety Code, section 11531. He was also charged with a prior felony conviction on December 11, 1956 (selling a narcotic). He was represented by the public defender and entered a plea of not guilty to

both counts. Subsequently he admitted the prior conviction of a felony. A trial by jury resulted in a verdict of not guilty as to Count I and guilty as to Count II. A motion for a new trial and application for probation were denied and he was sentenced to the state prison and the judgment provided that his sentence should run concurrently with any prior uncompleted sentence.

The evidence discloses that at a time prior to the alleged offenses of defendant, one C. R. Ne Lums was employed as a special deputy sheriff by the San Bernardino sheriff's office. He testified that he received special instructions relating to narcotics investigation from the San Bernardino sheriff's officers and worked as an undercover investigator with the vice and narcotic divisions in investigating narcotic cases and reporting on them. On September 8, 1959, Ne Lums observed defendant Taylor driving his car on one of the streets in San Bernardino. Officer Ne Lums got out of his car and approached defendant and asked him what was up and where he had been. Defendant told Ne Lums that his business had fallen behind and he was trying to find someone from whom he could obtain three dollars; that he had some change but that he needed a little more to obtain "something." Ne Lums asked defendant if two dollars would suffice and defendant stated, "If you let me have three, I think I can pick up what I want to pick up." The officer gave defendant three dollars and defendant stated he would be back around 5:30 p. m. Defendant stated "I will either bring you back some joints, then, and three dollars, or I'll just bring you back joints and settle it that way, whatever you want to do." Ne Lums told defendant to just bring back "the joints." Defendant agreed to this. The officer testified that in his narcotic instruction he had learned that the term "joints" indicates a brown paper hand-rolled marijuana cigarette. About 2:55 a. m. on September 9, 1959, Ne Lums heard a knock on his door, got out of bed, opened the door and observed defendant Taylor standing there. Defendant told the officer that all he had picked up was "a few joints and some pills." Ne Lums told defendant that he was not interested in any pills. Defendant asked Ne Lums if he was going to be around the next day and Ne Lums responded that he was. The next day Ne Lums saw defendant at Ne Lums' home. He answered a knock on his door and found defendant outside. Ne Lums stated to defendant, "You sure are cold, man. I thought you were going to straighten me

yesterday,'' and defendant responded, ''Well, I told you what had happened.'' Ne Lums then said, ''Yes, but that was the day before'' and defendant asked if Ne Lums knew where ''Teddie'' Nolin lived, to which Ne Lums responded, ''Yes,'' and that Teddie was home because it was his day off. Defendant told Ne Lums that he would see him over at Teddie's house. Ne Lums further testified that he proceeded to go out of the driveway, and as he was backing his car out he observed defendant Taylor's car parked on the west side of the street. He was sitting in the driver's seat and Ne Lums also observed Nolin sitting on the passenger front seat with the side door open. Ne Lums approached the vehicle and Nolin stated to Ne Lums, ''Hey, monster . . . I have something for you.'' Nolin then reached forward and extended his hand and dropped three white paper hand-rolled cigarettes in Ne Lums' hand. Officer Ne Lums took these three cigarettes (Exhibit 1) for analysis and they were found to contain marijuana. According to his testimony, he next had occasion to see defendant on September 22, 1959, at the officer's home. He heard a horn blow, went outside, and observed defendant Taylor sitting in his Oldsmobile automobile. This was the same car in which the officer had observed defendant Taylor when he was with Nolin on September 10. Ne Lums approached the car and asked defendant for a cigarette. Defendant responded, ''What kind? I've got two kinds.'' Ne Lums said, ''I mean the kind that you can buy in the market, but, of course, I could use the others, also.'' Defendant invited the officer to Nolin's house and asked Ne Lums how many cigarettes he wanted and Ne Lums stated, ''Two.'' On arrival, he observed defendant Taylor inside and they went into the bedroom. Ne Lums observed a small folding bed against the wall and two hand-rolled cigarettes on the folding cot, and defendant said to him, ''Oh, you saw them,'' and smiled. Defendant then pointed to the cigarettes and stated, ''There they are.'' These cigarettes (Exhibit 2) likewise were found to contain marijuana.

Nolin was called as a witness on behalf of the prosecution. He had a narcotics indictment pending against him at the time as to another offense. He testified that he was acquainted with defendant Taylor and had gone to school with him. He denied being with Taylor in his car at Ne Lums' home on September 10, 1959; denied receiving three ''joints'' from defendant Taylor to give to Ne Lums on that date. He did state that on September 10, 1959, he was in the automobile

of defendant Taylor, but that he wasn't anywhere near Ne Lums' home, and that, as to whether between September 10 and September 22 he received either two or three cigarettes from Taylor, he said he didn't remember.

Defendant, testifying on his own behalf, said that on September 22, 1959, he was not at the home of Nolin; that he had never been in Nolin's house; and that he had never seen any hand-rolled cigarettes in that house. He denied selling Nolin two marijuana cigarettes on September 22 but admitted that he was acquainted with Nolin and had known him for over a period of eight to ten years; and admitted that he had been convicted of a felony on May 2, 1956, for the sale of a narcotic, to wit, marijuana.

On this appeal, defendant claims misconduct on the part of the prosecuting attorney. In one instance, in the opening statement, the prosecuting attorney related that he would present certain statements made by defendant involving defendant in the transaction. It appears that defendant made certain statements to an officer, which statements the court ordered stricken. It appears that a portion of this statement, i.e., that he was "just a go-between" was admissible. However, the court ordered the entire statement stricken. No bad faith was shown on the part of the prosecutor in this respect and no prejudicial error resulted. (*People* v. *Lucas*, 160 Cal.App.2d 305, 308 [324 P.2d 933].)

The prosecuting attorney also referred in his opening statement to certain marijuana debris found in defendant's Oldsmobile car on the date of defendant's arrest, about four months after the alleged commission of the offense here involved. No objection was then made to this statement. Later, when this evidence was offered, the trial court struck it on the ground that it was too remote. It is apparent that the prosecutor was acting in good faith in the belief that this evidence would be admitted. No prejudicial error resulted. (*People* v. *Sanders*, 163 Cal.App.2d 132, 134 [328 P.2d 825]; *People* v. *Alexander*, 41 Cal.App.2d 275, 282 [106 P.2d 450].)

During the trial, Ne Lums testified about a conversation with defendant when riding in his car after the purchase of the three cigarettes on September 10. He said defendant wanted him to smoke one of the cigarettes there, for his (defendant's) protection, because he had "been to the joint, and I'm not going back." The trial court ordered this latter portion of the conversation stricken and admonished the

jury to disregard it. Defendant claims that this testimony indicated to the jury that the defendant had been previously convicted of a felony and served time in San Quentin, when such evidence was not admissible, particularly where defendant had previously admitted the prior conviction, citing *People* v. *Quigley*, 157 Cal.App.2d 223, 227 [320 P.2d 936] and *People* v. *Lyons*, 47 Cal.2d 311, 316 [303 P.2d 329]. A motion to grant a mistrial on this ground was denied. Defendant did later take the stand and admit the prior conviction. No prejudicial error resulted. (*People* v. *Howard*, 166 Cal. App.2d 638, 648 [334 P.2d 105].)

The prosecution offered in evidence notes from which the officer was testifying. The trial court properly sustained the objection thereto. Counsel for defendant claims that since he had to object to the offer in the presence of the jury, his objection thereto put him in a "bad light with the jury." The prosecutor argues that, if so, he was also placed in a bad light, since he withdrew the offer. We see no merit to this contention.

The prosecutor asked defendant, on cross-examination, if he had been using marijuana about September 22. The court ordered that he fix a more definite time. He did so, and defendant denied using marijuana at all. Defendant claims this was just a "fishing expedition" and was prejudicial misconduct. It is the rule that if defendant takes the stand and makes a general denial of the crime with which he is charged, such as defendant did in this case, the permissible scope of cross-examination is very wide. (*People* v. *Zerillo*, 36 Cal.2d 222, 228 [223 P.2d 223].) We see no prejudicial error in this respect.

Before the prosecutor rested his case, he renewed his offer of the testimony of the officer in respect to the claimed admission of defendant wherein he stated that he was "just a go-between" and asked the court to reconsider it. Counsel for defendant strenuously objected to this reoffer in the presence of the jury and claimed unfair conduct on the part of the prosecutor. The jury was excused and considerable argument ensued. The trial judge remarked that it was "somewhat prejudicial," but he believed the prosecutor did it inadvertently. The objection was sustained and the jury admonished to disregard the statement in the offer. Apparently this statement involved the charge in Count I of which defendant was found not guilty. It appears to us that the claimed statement made by defendant that he was

"just a go-between" was admissible in the first instance as to Count I and the prosecutor so believed. Of course, the better practice would no doubt have been to again present the offer to the court in the absence of the jury. However, we see no prejudicial error in the result, since the trial court advised the jury to acquit the defendant on that count.

Some reference was made by the prosecutor to Officer Ne Lums' wife and that her whereabouts at the time of trial were not disclosed "for security purposes." The remark was ordered stricken by the trial judge and the jury was admonished to disregard it. We will assume that the jury disregarded it. (*People* v. *Sutic,* 41 Cal.2d 483 [261 P.2d 241].)

Some exceptions are taken to the argument of the prosecutor to the jury in reference to some of the contentions here made. It appears that counsel for defendant did not object to certain of these statements and others made were in explanation of the prosecutor's reference in his opening statement to debris claimed to have been found in defendant's automobile and explaining why he could not further comment on it. Suffice to say, we have read the entire argument and find nothing that would indicate that the statement was made in bad faith so as to constitute prejudicial error in this respect.

Some reference was made to defendant's prior conviction of sale of narcotics as bearing on defendant's knowledge of the nature of narcotic substance. Counsel for defendant complains, claiming such reference was unnecessary, since respective counsel stipulated during the trial:

"That if the defendant observed or possessed the cigarettes contained in People's 1 and 2, he would recognize and know that they contained the narcotic marijuana, that is, that he would have knowledge of their narcotic nature."

We do not understand by this stipulation that the prosecutor would be foreclosed from making any legitimate comment shown by the evidence. (*People* v. *Linyard,* 151 Cal.App.2d 50, 55 [311 P.2d 57]; *People* v. *Spencer,* 140 Cal.App.2d 97 [294 P.2d 997].) These remarks, as conceded by defendant, may have been in some respects in reply to his counsel's argument that defendant had paid his debt to society on his prior conviction. We see nothing of a prejudicial nature in the comments, particularly since counsel for defendant made no objections thereto at the time. (*People* v. *Lindsey,* 90 Cal.

App.2d 558 [203 P.2d 572]; *People* v. *Agajanian,* 97 Cal. App.2d 399, 405 [218 P.2d 114].)

Lastly, counsel for defendant contends that he was limited in his cross-examination of Officer Ne Lums in respect to two questions, such as whether he had received pills such as ''bennies'' from other and different suspects and made reports thereon, and as to his relationship with Nolin in respect to narcotics. The objections thereto were properly sustained. (Pen. Code, § 1044.)

The trial judge did express some doubt as to the insufficiency of the evidence to sustain Count I and the correctness of his ruling in respect to an advised verdict of not guilty on that count. All of these points above mentioned were considered on a motion for new trial and it was denied.

Counsel for defendant, appointed to represent defendant on this appeal, has been most conscientious, both in the trial of the action and on this appeal. In his brief he has raised every possible and conceivable point observable on behalf of this defendant. From an examination of the entire record and instructions given, we are convinced that defendant had a fair, impartial and well-defended trial and that no prejudicial error resulted.

Judgment and order denying new trial affirmed.

Shepard, J., and Coughlin, J., concurred.