[Crim. No. 2052.    Fourth Dist.    June 28, 1965.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  VERNON
SMITH, Defendant and Appellant.

Peters & Knox and Robert A. Knox for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert P. Samoian, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Defendant Vernon Smith appeals from the judgment (Pen. Code, § 1237, subd. 1) upon his conviction of offering to sell marijuana (Health & Saf. Code, § 11531).

The judgment must be reversed under *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. After his arrest, defendant was questioned at the police station by several officers concerning an offer to sell marijuana. In response to this questioning, which clearly lent itself to eliciting incriminating statements, the defendant stated, ''Yes, I offered to sell [marijuana] to you, but I didn't sell any.'' When asked why he did not sell the marijuana after the sale had been arranged, defendant responded that he had been told the prospective purchaser was a police officer. Implicit in this statement is the admission that he actually intended to sell marijuana at the time he made the offer but changed his mind on learning his customer was a policeman. Taken together, the statements constitute a confession to the crime charged. Although the defendant admitted the offer on the witness stand, his defense was based completely on the lack of any intent to perform, contending his purpose in making the offer was to renew a relationship with a woman who accompanied the undercover officer. The record does not show that before making these statements defendant was advised of his rights to remain silent and to counsel. It was prejudicial error to admit them in evidence. (*People* v. *Dorado, supra,* 62 Cal.2d 338; *People* v. *Stewart,* 62 Cal.2d 571 [43 Cal. Rptr. 201, 400 P.2d 97].)

Other statements by the defendant may fall within the *Dorado* rule, but since this case was tried before *Dorado* was decided, the facts surrounding the making of these statements were not fully developed. Consequently, we do not now decide their admissibility.

It is appropriate to pass upon one other issue which will undoubtedly arise should this case be retried. After

defendant's arrest, a brown paper lunch sack was found in his truck. Among other things, the sack contained a Band-Aid box. There was a plastic container inside the box. Over 100 fragments of marijuana were inside the container. The arrest and discovery of the marijuana fragments occurred five months after the offer. It is urged this evidence tends to show the defendant had access to marijuana, from which an inference may be drawn that he was not making an idle offer, but actually intended to sell marijuana at the time he made the offer. The defendant contends this evidence is irrelevant and should have been excluded. ■ Evidence tending to show another offense is admissible if it tends to establish one of the issues in the case. (*People* v. *Peete,* 28 Cal.2d 306, 314-315 [169 P.2d 924].) ■ The inference that one who had offered to sell marijuana actually intended to make the sale is made stronger by evidence tending to establish his possession of marijuana. Evidence of possession would shed some light on the primary issue in this case, defendant's intent, and consequently would be admissible. (*People* v. *Adamson,* 27 Cal.2d 478, 485-486 [165 P.2d 3].) ■ The evidence is not rendered inadmissible because it relates to an occurrence after the crime charged was committed. (*People* v. *Sanders,* 163 Cal.App.2d 132, 134 [328 P.2d 825]; *People* v. *Bean,* 149 Cal.App.2d 299 [308 P.2d 27]; *People* v. *Freytas,* 157 Cal.App.2d 706, 719 [321 P.2d 782]; Witkin, Cal. Evidence (1958) § 142, pp. 163-164.) ■ Remoteness in time does not require exclusion as a matter of law. In *People* v. *Peete, supra,* 28 Cal.2d 306, the prosecution's proof of an offense 18 years removed from the commission of the offense charged was upheld. In *People* v. *Sanders, supra,* 163 Cal. App.2d 132, the court held that a partially smoked marijuana cigarette, found in the defendant's automobile at the time of his arrest two months after the offense charged, was relevant on the issue of his knowledge of its narcotic character. The question of remoteness was addressed primarily to the sound discretion of the trial court. (Code Civ. Proc., § 1954; *People* v. *Sanders, supra,* 163 Cal.App.2d 132, 134.) ■ We conclude the trial court did not abuse its discretion in admitting this evidence. In upholding the admissibility of this evidence we pass no judgment on the weight to which it is entitled, nor upon its sufficiency to support a judgment of conviction.

Judgment reversed.

Coughlin, J., and Whelan, J., concurred.