[Civ. No. 18235.   Second Dist., Div. Three.   Aug. 31, 1951.]

WALTER S. JACKSON, Appellant, v. GEORGE J. LOVAS, Respondent.

Louis F. Labarere and John A. Cronin for Appellant.

Parker, Stanbury, Reese & McGee for Respondent.

VALLÉE, J.—Plaintiff appeals from "the verdict of the jury in the above-entitled action in favor of defendant and against plaintiff." ▮ An appeal does not lie from a verdict. (See authorities cited in 5 West's Cal. Dig., Appeal & Error, § 108, p. 133.) ▮ However, taking the notice of appeal, together with the "Notice To Prepare Reporter's Transcript On Appeal," which requests a transcript of the oral proceedings and the instructions given "for use by the appellant on the appeal from the judgment herein," we will treat the appeal as one from the judgment. The action is for damages for personal injuries sustained by plaintiff when struck by defendant's automobile.

The accident occurred about 7:30 p. m. on March 14, 1949, in the center of a public sidewalk. Defendant was backing his automobile out of the driveway of his home on the east side of Naples Avenue, when he struck plaintiff, who was walking in a general northerly direction on the sidewalk. It was a "very dark" night.

Appellant's contention that the evidence is insufficient to sustain the verdict finds no support in the record.

Defendant testified he got into his automobile, which he had parked in the driveway of his home earlier that evening, turned on the headlights, started the motor, looked back over his shoulder through the rear window a couple of times to one side and then to the other, put the car in gear, released the emergency brake, opened the left-hand door in order to look back, and started backwards. He did not see plaintiff. In backing his car he moved at a speed of about 2 or 3 miles an hour until he felt the impact, when he immediately stopped and pulled forward to where he had started.

Plaintiff testified that he had been walking up and down the block and had seen defendant's car as he "walked by there five or six times." The car was just standing there; no one was in it; no lights were on. The last time he saw the car was when he was about 6 or 8 feet of the driveway— "just before I was hit I glanced at it again, and I would say I was six feet or eight feet from it." He was struck by the right rear of defendant's car, when he was "on the south portion" of the driveway about the center of the sidewalk. Plaintiff also testified that his hearing and eyesight were "good," but he neither heard the engine of the automobile or its gears, nor did he see the car in motion at any time.

The foregoing résumé of the evidence amply supports an implied finding that defendant exercised due care or that plaintiff was contributively negligent.

Appellant also contends that the court erred (1) in sustaining an objection to the admission in evidence of section 80.23 of the Municipal Code of the City of Los Angeles (Ord. 77,000 as amended), and (2) in refusing to give an instruction based thereon.

The ordinance reads: "80.23. EMERGING FROM ALLEY OR PRIVATE DRIVEWAY. The driver of a vehicle emerging from an alley, driveway or building, shall stop such vehicle immediately prior to driving onto a sidewalk or into the sidewalk area extending across any alleyway."

Objection to the introduction of the ordinance was based on the ground that the subject matter of the ordinance had been regulated by the Vehicle Code, sections 458 and 560.1, was not a proper subject for municipal regulation, and was, therefore, invalid.

Section 458 of the Vehicle Code (Div. 9, ch. 2) provides: "The provisions of this division are applicable and uniform

throughout the State and in all counties and municipalities therein and no local authority shall enact or enforce any ordinance on the matters covered by the division unless expressly authorized herein.''

Division 9, chapter 10 (§§ 560-564), is entitled "Pedestrians' Rights and Duties.'' Section 560.1, enacted in 1947, provides: "The driver of any motor vehicle, prior to driving over or upon any sidewalk, shall yield the right of way to any pedestrian approaching thereon.''

Assuming, without deciding, that the ordinance is valid and that it should have been received in evidence and an instruction based thereon given, the rejection of the ordinance and the failure to give the instruction was not prejudicial error. The ordinance says that the driver of a vehicle emerging from a private driveway shall stop the vehicle immediately prior to driving onto a sidewalk. Section 560.1 says that the driver prior to driving over and upon any sidewalk shall yield the right of way to any pedestrian approaching thereon. While the statute does not impose a specific duty upon the driver to stop his vehicle, as does the ordinance, the duty imposed upon him by the statute is far broader in its scope, for the duty of yielding the right of way to a pedestrian necessarily includes the lesser duty of stopping the vehicle.

The court at the request of plaintiff-appellant read section 560.1 of the Vehicle Code to the jury. In addition, the court, at the request of plaintiff-appellant, instructed the jury at length with respect to what is meant when the law says that the driver of a motor vehicle "shall yield the right of way to any pedestrian,'' and among other things told the jury that failure to yield to one to whom the law has given the right of way is negligence unless it can be said that the conduct of the driver of the vehicle was such as to excuse or justify him. There was, therefore, no prejudicial error in sustaining defendant's objection to the introduction of the evidence and in not giving an instruction based thereon.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.