[Civ. No. 20107. Second Dist., Div. Two. June 17, 1954.]

COUNTY OF LOS ANGELES, Respondent, v. FREDERICK S. BEVERLEY et al., Appellants.

Jesse A. Hamilton for Appellants.

Harold W. Kennedy, County Counsel, and Arthur Loveland, Deputy County Counsel, for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for the taking of private property in an eminent domain proceeding, defendants appeal.

*Facts*: The complaint in condemnation filed February 14, 1952 alleged "That the property hereinafter described constitutes a part only of a larger parcel," and the prayer of the complaint asked: "That such several estates and interests may be determined and adjudicated in this action, and that the value of each and every separate interest or estate in the parcel of real property sought to be condemned herein, *and the severance damages,* if any to those parts of larger parcels, which will accrue to the portions thereof not sought to be condemned herein, *by reason of their severance from the portion sought to be condemned herein,* and the construction of the improvement in the manner proposed by the plaintiff, be separately ascertained and adjudicated." (Italics added.)

In the answer filed May 22, 1952, by defendants it was alleged:

"Defendant alleges that said parcel sought to be condemned

is only a part of a larger contiguous parcel, which whole, has for a number of years been devoted to use as a cheese processing and manufacturing plant, that it is an integral part of said plant and the operation of the plant as a manufacturing unit would be impossible without said parcel sought to be condemned; that all of said property has been in said industrial use for a number of years; that after the dedication of said property to industrial use the property was zoned by the County Regional Planning Commission as a residential property zone; that no other industries can be established in said zone; that the property of defendant being dedicated to industrial use prior to the zoning was unaffected thereby, and that said zoning had the effect of greatly enhancing the fair market value of the said property of the defendant.

"That in the year 1949, while this defendant was owner of said parcel of the property sought to be condemned, a subsidiary organization of the Richfield Oil Company chose this parcel as a drilling site for extensive oil exploration and development. That in the months of August and September of 1949, said subsidiary for the Richfield Oil Company did drill an oil well upon said site to an approximate depth of 5,000 feet, and placed casings in the shaft drilled, expending in all some fifty thousand dollars. That though no oil was then produced this defendant has been informed and does believe that there are others who are interested in reaching a lower level oil bearing sand, and that the existing shaft greatly enhances the value of said parcel sought to be condemned. That the casing now in said well is worth four thousand dollars.

"Defendant alleges that the reasonable fair market value of the parcel sought to be condemned is twenty-four thousand Dollars."

In plaintiff's brief it is stated that after the commencement of the trial plaintiff made a "motion to amend its complaint by striking therefrom all reference to subject property being a part of a larger parcel and all reference to severance damages, and the Court reserved its ruling until after the evidence was in."

It is conceded by all parties that the trial judge never made a ruling on plaintiff's motion.[1]

---

[1] A judge presiding at the trial of a case should rule *promptly* and *clearly* upon each and every objection or motion which is made by the attorneys, thus not only affording the parties the benefit of his judgment and guidance as to the future conduct of the trial, but also making a crystal clear record for the assistance of an appellate court when reviewing his action.

The trial court instructed the jury, before submitting the cause, to disregard all evidence of severance damages. The trial judge also struck from the record testimony of John H. Wents, geologist and oil consultant, that the oil possibilities of the land had a speculative market value of $5,500.

*Questions*: First: *Did the trial court err in instructing the jury to disregard all evidence of severance damages?*

*Yes.* ■ The rule is established in California by a plethora of cases that where allegations in a complaint are admitted by the answer, no evidence need be offered in their support; evidence is not admissible to prove their untruth; no finding thereon is necessary; a finding contrary thereto is error; and the introduction of evidence relative to such admitted allegations is error.[2] (*Fuentes* v. *Tucker,* 31 Cal. 2d 1, 4 [3] [187 P.2d 752]; *Lifton* v. *Harshman,* 80 Cal.App. 2d 422, 431 [2] [182 P.2d 222] (hearing denied by the Supreme Court); see also cases cited 36 West's Cal.Dig. (1951) Pleading, § 36(3), p. 340, § 376, p. 608.)

■ Therefore in the instant case, since the trial judge failed to rule upon plaintiff's motion to amend its complaint, the allegations that the property sought to be condemned "constitutes a part only of a larger parcel" remained an admitted fact in the case and the jury were entitled to consider whether or not defendants were entitled to any severance damage.

It is to be noted that at no time during the trial did defendants concede either (1) that the property sought to be condemned was not a part of a larger parcel, or (2) that they were not entitled to severance damages. The trial did not take place upon the assumption that the complaint had been amended in accordance wtih plaintiff's request.

Second: *Did the trial court err in striking from the record the testimony of geologist Wents that the oil possibilities of the property in question had a speculative value of $5,500?*

*No.* ■ The rule is established in California that in determining the market value of property taken in a condemna-

---

[2]Mr. Chief Justice Gibson in *Fuentes* v. *Tucker,* 31 Cal.2d 1, succinctly states the rule at page 4 [2] [187 P.2d 752], as follows:

"One of the functions of pleadings is to limit the issues and narrow the proofs. If facts alleged in the complaint are not controverted by the answer, they are not in issue, and no evidence need be offered to prove their existence. (*Travelers Ins. Co.* v. *Byers,* 123 Cal.App. 473, 482 [11 P.2d 444]; Code Civ. Proc., §§ 462, 588, 1868, 1870, subds. (1), (15); see I Wigmore on Evidence [3d ed. 1940], p. 9 § 2.) Evidence which is not pertinent to the issues raised by the pleadings is immaterial, and it is error to allow the introduction of such evidence. (Citations.)"

tion proceeding the test is not its value for special purposes but the fair market value of the land in view of all the purposes to which it is naturally adapted.

■ Evidence that it is valuable for any particular purpose may always be given and should be freely received in a condemnation action. However, its value in terms of money which a witness might think it would have for some specific purpose is inadmissible. (*Sacramento etc. R. R. Co.* v. *Heilbron*, 156 Cal. 408, 412 [104 P. 979].)

■ Applying the foregoing rule to the facts in the present case, Mr. Wents' testimony, if qualified, was admissible to show what in his opinion the entire property was worth including mineral rights having in mind all the uses to which the property could be put. His testimony as to one particular use and the value thereof to the whole was inadmissible. The latter testimony was highly speculative and therefore inadmissible.

In view of our conclusions other questions argued by counsel need not be considered.

Reversed.

Moore, P. J., and Fox, J., concurred.