[Civ. No. 21601.  Second Dist., Div. Three.  Nov. 14, 1956.]

COUNTY OF LOS ANGELES, Respondent, v. PAN AMERICAN DEVELOPMENT CORPORATION et al., Defendants; PACIFIC COAST CHEESE, INC., et al., Appellants.

Jesse A. Hamilton for Appellants.

Harold W. Kennedy, County Counsel (Los Angeles), and Arthur Loveland, Deputy County Counsel, for Respondent.

WOOD (Parker), J.—Proceeding in eminent domain. In a former appeal in this case by defendants, judgment was reversed for the reason that the court erred in instructing the jury to disregard the evidence as to severance damages. (*County of Los Angeles* v. *Beverley*, 126 Cal.App.2d 89 [271 P.2d 965].) After the first trial defendant Beverley assigned his interest in the action to Pan American Development Corporation which was substituted as a defendant in place of Beverley. In the second trial (involved here) it was stipulated that the only issue to be submitted to the jury was the amount of severance damage, if any. (The parties also stipulated, with reference to the issue as to the value of the land

taken, that judgment should be for $13,500 which was the amount awarded for the land by the jury at the first trial.) The verdict in the present trial was that there was no severance damage. Judgment of condemnation was entered, allowing as compensation for the land taken the amount agreed upon by the parties, and disallowing severance damage in accordance with the verdict of the jury. Defendants appeal from the judgment and the verdict.

Appellants contend that the court erred in instructing the jury that inconvenience was not an element of damage; in permitting the jury to view the premises; and in sustaining plaintiff's objection to defendants' offer of testimony.

In lieu of a reporter's transcript, the oral proceedings of the trial are presented on appeal by a settled statement.

The land sought to be taken by condemnation consisted of two lots at the north*east* corner of the intersection of Eastern Avenue and East First Street in Los Angeles County. Those lots were fenced. At the time of the commencement of the action, Mr. Beverley, who was formerly a defendant herein, owned those two lots, and he also owned four lots (not sought to be condemned) which were at the north*west* corner of that intersection. (Apparently, he transferred his interest in the six lots to defendant Pan American Development Corporation.) Prior to and at the time of the commencement of the action, the six lots were leased to defendant Pacific Coast Cheese, Inc.

Eastern Avenue, which is between the parcel of two lots and the parcel of four lots, is 60 feet wide.

On the northerly two lots of the four lots (on the west side of Eastern Avenue) there were two buildings—a cheese factory building and an office building. On the southerly two lots of the four lots there were an incinerator and a cold storage building. The four lots were fenced. The fence on the Eastern Avenue side of the northerly two lots (of the four lots) is back about 20 feet from the street. At the first trial, Mr. Hagan, the owner-manager of the cheese factory, testified that he parked his trucks on that 20-foot setback.

On the two lots (on the east side of Eastern Avenue), which were sought to be taken by condemnation, there were an old shed, incinerator, and trailer bed or body. At the time of the first trial, the shed was used as a repair shop; the trailer bed was used for storing old bolts and scrap iron; the two lots were covered with junk, such as old machinery,

scrap iron, scrap lumber, cans, tables, and old motors. At the time of the first trial those two lots "were so piled up" with old machinery and junk that only one automobile could be parked on the lots. At the time of the second trial those lots had been "somewhat cleaned up," and some of the junk had been removed to the southerly two lots (of the four lots) on the west side of the street and the junk had been "loosely spread" over those lots. When the jury viewed the premises, at the second trial, three or four trucks were parked on the two lots on the east side of the street (the lots from which junk had been removed after the first trial.)

Mr. Hagan, the owner-manager of the cheese factory, testified that the severance damage was 20 per cent of the value of the six lots as improved. Mr. Stone, an expert appraiser of real property, testified that the severance damage was 20 per cent of such value. Mr. Allen, another such expert, testified that the severance damage was 15 per cent of such value. Those expert witnesses considered the six lots as one parcel. Those witnesses, in giving their reasons for their opinions as to severance damage, stated that the defendants would be deprived of the use of the two lots on the east side of the street for parking purposes.

Mr. Hall and Mr. Wood, expert appraisers of real estate, called as witnesses for plaintiff, testified that there was no severance damage. They also considered the six lots as one parcel. In giving their reasons for their opinions, they stated that there was ample space on the southerly two lots on the west side of the street for a repair shop and for storage of materials necessary in connection with the operation of the cheese factory, and that it would be more convenient to have the repair shop and materials on the same side of the street the factory was on.

At the request of plaintiff, the following instruction was given: "You are instructed that mere inconvenience is not a compensable item of damage. The test is whether the market value of the remaining property has been lessened by the taking of the property here in question. If the remaining property will sell for as much in the open market after the taking as it would before the taking and being a part of the whole then there is no severance damage." Appellants argue that the first sentence of the instruction was erroneous for the reason that inconvenience is a proper item of severance damage; that the error was emphasized because the word "inconvenience" was not defined; and that, by such instruc-

tion, the judge told the jury that inconvenience was not to be considered in determining market value. Appellants concede that inconvenience (resulting from condemnation) which causes loss of profits in business is not compensable. They assert, however, that inconvenience or convenience in the use of property (sought to be condemned) is an element to be considered in determining market value.

■ "Severance damages are determined by ascertaining the market value of the property not taken as it was on the date fixed for determining such damages, and by deducting therefrom the market value of such remaining property after the severance of the part taken and the construction of the improvement in the manner proposed by the plaintiff." (*People* v. *Loop,* 127 Cal.App.2d 786, 799 [274 P.2d 885].)

■ Market value is "the highest price estimated in terms of money which the land would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all of the uses and purposes to which it was adapted and for which it was capable." (*Sacramento etc. R. R. Co.* v. *Heilbron,* 156 Cal. 408, 409 [104 P. 979].) ■ "[I]njury to the business of the owner or occupant of the property does not form an element of the compensating damages to be awarded. [Citation.] This is so because it is only the value of, and the damage to, the property itself, which may be considered." (*People* v. *Ricciardi,* 23 Cal.2d 390, 396 [144 P.2d 799].)

■ In determining market value a proper consideration is the convenient or inconvenient location of the property with respect to other property in the vicinity. ■ Since the matter of such location is a proper consideration in determining market value, the instruction that mere inconvenience is not a compensable item of damage was uncertain and would tend to confuse the jury as to whether it might consider the convenient or inconvenient location of the property. That instruction should not have been given. It was not prejudicial, however, for the reason that an instruction was given (at the request of defendants) as follows:

"You are instructed that in determining the fair and reasonable market value of the property taken, and the damage if any to the remaining portion not sought to be taken, that it is necessary and proper for you to take into consideration all facts and elements which would reasonably and necessarily be taken into consideration by a prospective purchaser of said property.

"In that connection, the following elements may be properly taken into consideration in arriving at the fair market value of the part taken and the severance damage if any to the remaining portion; the fact that the property is presently being devoted to industrial purposes, the improvements thereon, the present utility and usability of the land and the improvements thereon for such a present purpose, the area and location of the property, its accessibility to centers of population and markets, its relation to existing traffic arteries, including the Ramona Freeway and Olympic Boulevard, the fact of highly developed business areas or centers in the immediate vicinity, and all available uses to which said property is adapted, including its present use and its highest available and potential use."

Appellants contend further, as above stated, that the court erred in permitting the jury to view the premises. Appellants objected to such permission being granted, upon the ground that the property was not in the same condition it was in at the time of the first trial. They argue that the premises had undergone alterations since the action was commenced and that the court should have pointed out the alterations and should have told the jury to disregard them. The alleged alterations consisted of (1) the removal of old machinery and junk from the two lots (on the east side of the street) to the lots on the west side of the street, and (2) the parking of three or four trucks on the two lots on the east side of the street. There was no change in the condition of the land. It would seem that the change with reference to the location of the personal property was favorable to defendants' contention as to the appearance of the premises, in that, after the change the trucks could be, and were, parked on the two lots on the east side of the street. ▌ The question as to whether the jury should be permitted to view the premises is a matter within the discretion of the trial judge. (See Code Civ. Proc., § 610; *Laguna Salada etc. Dist.* v. *Pacific Dev. Co.*, 119 Cal.App.2d 470, 477 [259 P.2d 498].) The judge did not err in permitting the jury to view the premises.

Appellants contend further that the trial court erred in sustaining plaintiff's objection to their offer of certain testimony. As above stated, the appeal is presented upon a settled statement. The statement recites, with reference to the offer of proof, that: "After plaintiff had put in its evidence and rested, defendants called as a witness for rebuttal testimony one Charles M. Farrington who had at one time acted as

assistant manager of the cheese plant and sought to introduce additional testimony covering the same matters that Mr. Hagan, the owner-manager of the cheese plant, had previously testified to on direct examination and plaintiff's objection was sustained. Defendants then made an offer of proof which plaintiff objected to and the court sustained the objection.'' Appellants state in their brief that the matters in the offer of proof were not cumulative but were rebuttal. Appellants ask, in their brief, that this court refer to the original offer of appellants in the first trial. The record in the first trial is immaterial, and is not before the court, on this appeal. The record on the present appeal does not state specifically the testimony that was offered in the second trial, but it does state generally that the offered testimony covered the same matters that defendants' witness, Mr. Hagan, had testified to on direct examination. It appears that the offered testimony would have been repetitious. ■ The court was not required to receive repetitious testimony. (See *Laguna Salada etc. Dist.* v. *Pacific Dev. Co., supra,* p. 477.) It was not error to sustain the objection to the offer of proof.

■ An appeal does not lie from a verdict. (*Jackson* v. *Lovas,* 106 Cal.App.2d 426, 427 [235 P.2d 232].)

The judgment is affirmed. The purported appeal from the verdict is dismissed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied November 27, 1956, and appellants' petition for a hearing by the Supreme Court was denied January 8, 1957. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.