[Crim. No. 1809. Fourth Dist. Mar. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. REFUGIO CONTRERAS, Defendant and Appellant.

Tom Sherrard for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was indicted, tried by a jury for, and convicted of selling heroin, a violation of Section 11501 of the Health and Safety Code, with a prior conviction. He admitted the sale, but rested his defense on the doctrine of entrapment. A motion for a new trial was denied. Judgment of imprisonment in the state prison was pronounced. He appeals from the order denying the motion and from the judgment, contending that the court committed prejudicial error in sustaining objections to questions which elicited statements by an undercover agent that were part of the transaction culminating in the subject sale, claiming that such statements were material to the issue of entrapment.

The evidence shows that the defendant was contacted by a longtime friend named Tucker, who was acting as an undercover agent; by the latter was introduced to a man named Maldenado who, unknown to him, was a narcotics agent of the Department of Justice; arranged for the purchase of some heroin from a fourth person; with Maldenado made the contact and participated in the sale by taking the heroin from the seller, delivering it to Maldenado, and then taking the money from the latter and giving it to the former. He did not receive any of the money or any of the heroin for his own use.

On direct examination the defendant testified that Tucker, whom he knew to be an addict, came to his home and that a conversation ensued. He was asked to relate this conversation. An objection to the question was made upon the ground that it called for hearsay and self-serving statements. The court sustained the objection upon both grounds. Thereupon, the defendant testified that when Tucker first came to his home he, the defendant, did not intend to locate any narcotics for him, or anybody else, but intended to stay at home and "watch television." He then was asked what caused him to leave; replied that Tucker said he was sick; but before his answer was finished, an objection was made "to any hearsay testi-

mony.'' The court sustained the objection. In both instances when the foregoing objections were made, the defendant's counsel advised the court that the purpose of eliciting the statements made by Tucker was not to prove the truth of the facts related therein but to show the circumstances under which the defendant acted; that the testimony was material on the issue of intent; and that it would show a change of intention. Thereafter the defendant testified that, because of Tucker's conduct toward him he changed his mind about going out of the house; that it was Tucker who first suggested that he obtain narcotics; that he told Tucker he did not want to do it; and that Tucker repeated the suggestion. He then was asked: ''What reason did he give that he couldn't obtain narcotics?'' An objection that the question called for hearsay testimony was sustained. Following this series of objections, the defendant testified that he went outside, where Maldenado was waiting in an automobile; that the latter said ''he was sick and needed a fix of heroin, and his wife was sick''; that thereafter he made the contact resulting in the sale, detailing the events leading up to the same; that he had no intention of doing any of these acts except for Tucker's coming to his home; and that it was because of the latter's and Maldenado's conduct that he participated in the transaction.

The orders of the court sustaining the objections noted clearly were erroneous. It is obvious that the defendant was endeavoring to present evidence to show why he changed his mind from not wanting to assist in obtaining any narcotics to a willingness to participate in the events which later occurred. The statements made by Tucker to the defendant were a part of the transaction which resulted in the sale for which he later was convicted, and were admissible as such. (Code Civ. Proc., §§ 1850, 1870 [subd. 7]; *Airola* v. *Gorham*, 56 Cal.App.2d 42, 50 [133 P.2d 78].) Where the commission of an offense is solicited by an officer of the law, a primary issue presented is whether the accused had a pre-existing intent to commit the same, or whether the criminal design was conceived in the mind of the officer and, through him, the accused, who had no intent to commit an offense, was lured into its commission. (*People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521]; *People* v. *Judd,* 170 Cal.App.2d 212, 216 [338 P.2d 458]; *People* v. *Schwartz,* 109 Cal.App.2d 450, 454 [240 P.2d 1024]; *People* v. *Crawford,* 105 Cal.App.2d 530, 536-537 [234 P.2d 181]; *People* v. *Lindsey,* 91 Cal.App.2d

914, 917 [205 P.2d 1114]; *People* v. *Lanzit,* 70 Cal.App. 498, 509 [233 P. 816].) Of necessity the statements of the officer at the time are material to a determination of this issue; the contents thereof are admissible to prove what was said rather than the truth of what was said; and, for this reason, evidence in proof of the fact that they were made is direct and not hearsay. (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 8 [291 P.2d 929]; *Werner* v. *State Bar,* 24 Cal.2d 611-621 [150 P.2d 892]; *People* v. *Carella,* 191 Cal.App.2d 115, 139-140 [12 Cal.Rptr. 446]; *People* v. *Roberson,* 167 Cal.App.2d 429, 431 [334 P.2d 666]; *Greenblatt* v. *Munro,* 161 Cal.App.2d 596, 602 [326 P.2d 929]; *People* v. *King,* 140 Cal.App.2d 1, 4-5 [294 P.2d 972]; *People* v. *Henry,* 86 Cal.App.2d 785, 788-789 [195 P.2d 478]; *Head* v. *Wilson,* 36 Cal.App.2d 244, 251 [97 P.2d 509].) The exclusion of such evidence under the circumstances of this case was error.

 However, the error was not prejudicial. On cross-examination of the defendant, the district attorney, who had objected to questions which sought to elicit the statements made by Tucker to the defendant, covered the field, and by his interrogation caused the admission of those statements into evidence. As a part of this cross-examination the defendant testified that Tucker told him that he was sick and "needed a fix"; that he [the defendant] was familiar with users who were in the process of withdrawal and Tucker looked like he was sick, i.e., suffering withdrawal pains; that Tucker would be "mad" at him if he did not help; that he assisted not just because Tucker asked him to but because Tucker was sick and kept insisting; that the reason he went out to the car, where he met Maldenado, was because Tucker not only said he was sick, but in addition said that he had somebody at the car who also was sick, and "needed a fix"; that Tucker told him where to go to make a contact and this was the place to which they went; that when no contact was made at this place he hailed an automobile driven by the person Tucker wanted him to look for; that his knowledge of this man was what Tucker had told him, otherwise he knew nothing of the man; that Tucker did not want to make the contact because he owed money to the person to be contacted; and that he participated in the transaction because "Tucker, like I said, Tucker was sick, and he kept insisting that I go help,—you know, help him out. You know. He couldn't go up to 38th Street because he owed money, and that was the only place he knew where to get narcotics, so he needed some-

body to help him out there, so he kept insisting that I go get it for him. He told me that I knew how it was to be sick because I had been an addict before, and I could understand how he felt.''

The introduction into evidence of the foregoing testimony completely obliterated the prejudicial character of the error made by the court in sustaining objections to questions which would have produced the same testimony. Ordinarily, when testimony to which an objection is made and sustained later is admitted into evidence, the harm resulting from its original exclusion is removed. (*Hayes* v. *Harry*, 183 Cal.App.2d 412, 417 [6 Cal.Rptr. 671]; *Arata* v. *Tonegato*, 152 Cal.App.2d 837, 844 [314 P.2d 130]; *Provost* v. *Worrall*, 142 Cal.App.2d 367, 373 [298 P.2d 726].) After a review of the entire record, including the evidence, we are convinced that it is not reasonably probable that a result more favorable to the defendant would have been reached if the testimony to which objection was made had been admitted when first proffered through questions propounded to him on his direct examination, instead of through questions asked upon his cross-examination. Under these circumstances, the error in sustaining the objections thereto was not reversible. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

After both sides had rested, the court gave defendant's counsel, in chambers, an opportunity to put into the record an offer of proof as to the evidence which might have been produced if the objections to the questions theretofore put to the defendant had been overruled. This offer added nothing to the substance of the testimony developed on cross-examination. A slight change in the phraseology of some of the statements allegedly made by Tucker was indicated, but this change in phraseology neither added to nor detracted from the substance of those statements as theretofore related by the defendant in the course of his cross-examination. Permission to present the evidence described in the offer of proof was denied upon the ground that the proffered testimony was cumulative. There was no error in this ruling. A trial court may refuse to permit the introduction of repetitious testimony. (*Douillard* v. *Woodd*, 20 Cal.2d 665, 669 [128 P.2d 6]; *County of Los Angeles* v. *Pan American Dev. Corp.*, 146 Cal.App.2d 15, 21 [303 P.2d 61]; *Kern County Finance Co.* v. *Iriart*, 26 Cal.App.2d 483, 487 [79 P.2d 763].)

The judgment and order appealed from are affirmed.

Griffin, P. J., and Shepard, J., concurred.