[Crim. No. 4356.   First Dist., Div. Three.   April 9, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. WILLARD L. MARSHALL, Defendant and Appellant.

Gordon C. Gould, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Derald E. Granberg and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with sales of heroin September 6 and 7, 1962, defendant was found guilty by a jury on both counts. He appeals from the ensuing judgment.

■ . On September 6, Treasury Agent Lee and one Dean, who was occasionally employed as an informer and undercover operator, drove to defendant's home in San Mateo. Dean left the car, talked to defendant, returned to the car, got $60 from Lee, and entered Marshall's house. He returned with six papers of heroin. Defendant left the house and talked to Lee and Dean. Lee sought to arrange for purchase of larger quantities. The next day Lee and Dean returned, and Lee bought four papers of heroin from defendant. Both Lee and Dean testified to these events. Lee testified, over defense objections, that when he made the purchase of September 7, he arranged with defendant to meet him at a drive-in restaurant in San Francisco at 9:30 the same evening, did so without Dean, and bought a larger quantity of heroin. He also testified, over objection, that defendant telephoned Lee September 8, offering to sell him more heroin.

When the two questions were objected to, the court pointed out that argument out of the presence of the jury seemed indicated, and both counsel agreed to defer that argument until the next recess. The district attorney, avoiding these issues, completed his direct examination. Subject to his right to resume direct in the event the objections were overruled, he turned the witness over to the defense for cross-examination.

In this examination, defense counsel brought out that the search of Dean before the September 6 sale was not detailed, that Dean could have had possession of heroin when he met defendant, and could, when he was out of Lee's sight inside defendant's house, have taken this heroin from concealment on his own person and returned to deliver it to Lee. This cross-examination clearly foretold defendant's contention that he had not sold heroin to the informer, but that Dean had fabricated a case against defendant and tricked Lee into believing it. Thereafter, in the jury's absence, the objections were argued and overruled.

Evidence of sales not charged may be admissible (*People* v. *Smith*, 185 Cal.App.2d 638 [8 Cal.Rptr. 581]). Defendant's sale directly to Lee in Dean's absence, and his telephone call directly to Lee to offer heroin for sale, clearly were relevant to show that defendant was the actual purveyor of the heroin sold through Dean September 6, rather than an innocent victim of the undercover man, and to corroborate Dean's testi-

mony in this respect. Moreover, all these events were parts of a short and unified sales program by defendant. The sale of September 6 was accompanied by conversations which led to the first sale. of September 7. The second (San Francisco) sale of that date was arranged at the time the earlier sale was made. The telephone call of the next day resulted from negotiations at the time of the sale the night before. The San Francisco sale and the September 8 call serve ''to complete the story of the crime on trial by proving its immediate context of happenings near in time and place'' (McCormick on Evidence, 328). Applicability of this rule seems clear when, as in this case, the other happenings tend directly to show the role of defendant as the sole selling agent in this three-day flurry of narcotics marketing.

Defendant points to the California rule that prior offenses cannot be shown to rebut a defense of entrapment (*People* v. *Benford*, 53 Cal.2d 1, 11 [345 P.2d 928]). But the rule does not bar evidence of other crimes if admissible upon grounds unrelated to that defense. (*Id.*, pp. 11-12.) To hold otherwise would permit a defendant to bar evidence, independently relevant, merely by claiming entrapment.

Since defendant did not request a limiting instruction specifically directed to the telephone call of September 8, he cannot now assert its absence as error. His remaining contentions are without merit.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.