[Crim. No. 2416.    Fourth Dist., Div. One.    July 19, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ALEX DOMIN-GUEZ RODRIGUEZ, Defendant and Appellant.

Alex Dominguez Rodriguez, in pro. per., and William M. Apgar, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles R. Kocher, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Appellant was charged with selling heroin and with the conviction of a prior narcotics offense; pleaded not guilty to the charge of selling; and denied the prior conviction. His wife, as a codefendant, was charged with another and separate sale of narcotics. Both defendants were found guilty of the offenses charged and the allegations charging defendant with a prior conviction were found to be true. Judgment imposing a prison sentence upon appellant was entered accordingly.

The offense of which appellant was found guilty involved a sale of heroin, on May 14, 1965, to an informer in the presence of an undercover agent. Appellant testified at the trial; admitted the sale; but asserted the defense of entrapment.

On July 2, 1963, appellant had pleaded guilty to the offense of possession of heroin. Thereafter, pursuant to the provisions of Penal Code section 6451, which now are in Welfare and Institutions Code section 3051, imposition of sentence was suspended and proceedings instituted under that section culminated in appellant's commitment for treatment as a narcotics addict. At the time of the subject offenses appellant was on parole under the latter commitment.

The contentions on appeal are: (1) The court erred in failing to instruct the jury that evidence of a subsequent offense of possession of heroin should not be considered on the issue of entrapment; (2) also erred in sustaining objections to testimony by appellant relating the contents of conversations between him and the informer; and (3) instructed the jury erroneously on the prior conviction issue.

Appellant and his wife were arrested at their home, pursuant to a warrant, on July 22, 1965. As an incident to that arrest, the officers searched the premises and found 19 bindles of heroin, and injection paraphernalia, apparently hidden in a trash container in the kitchen. This heroin and

paraphernalia, and testimony respecting its discovery, over objection, were admitted in evidence as a part of the People's case in chief. At that time the court instructed the jury this testimony was admitted for a limited purpose, specifying such, and should not be considered for any other purpose. Similar instructions were given at the time the court instructed the jury generally. Appellant contends the court erred in failing to include within these instructions an admonition that the evidence in question, which tended to prove the commission of a separate and subsequent offense, should not be considered on the issue of entrapment. At no time did appellant request such an addition to the instructions given. The evidence in question was offered as a part of the People's case in chief; tended to prove issues material to that case; and properly was admitted even though it established the commission of a separate and subsequent offense. (*People* v. *Smith,* 235 Cal.App.2d 462 [45 Cal.Rptr. 310] ; *People* v. *Marshall,* 226 Cal.App.2d 243, 245 [37 Cal.Rptr. 887] ; see also *People* v. *Sanders,* 163 Cal.App.2d 132, 134 [328 P.2d 825] ; *People* v. *Bean,* 149 Cal.App.2d 299, 301 [308 P.2d 27] ; *People* v. *Freytas,* 157 Cal.App.2d 706, 718-719 [321 P.2d 782].) ██ It was not offered on the issue of entrapment in proof of facts proscribed by the rule stated in *People* v. *Benford,* 53 Cal.2d 1, 11 [345 P.2d 928], and the instructions given by the court did not permit its use for this purpose. Absent a request for an appropriate instruction respecting the relationship between the evidence in question and the issue of entrapment, the failure to specifically instruct as to the limitation on its use in this regard was not error.

In the course of appellant's testimony, on several occasions, he commenced to relate the contents of conversations between the informer and himself, and was interrupted by the district attorney's objection that such testimony was hearsay, which was sustained. No question was asked appellant soliciting the contents of any conversations between himself and the informer. The rulings sustaining objections were accepted without argument. The court was not advised of the purpose for which such conversations were volunteered, nor was an offer of proof made respecting their contents. On one occasion counsel for appellant, without permitting an objection to be completed, told appellant not to give the contents of the conversation. On appeal appellant contends the conversations between himself and the informer were material to the issue of entrapment. ██ Statements of an informer to a defendant which are part of a transaction resulting in the sale of

narcotics may be material to the issue of intent as an element of the defense of entrapment. The contents of such statements are admissible to prove what was said rather than the truth of what was said and, for this reason, testimony relating such is direct and not hearsay. (*People* v. *Contreras,* 201 Cal.App.2d 854, 857 [20 Cal.Rptr. 551].) Appellant assumes the contents of the conversations about which he intended to testify were relevant to the issue of intent included in the defense of entrapment. ▪ However, the lack of any assertion of the purpose for introducing such testimony, or of any offer of proof respecting the contents of the conversations in question, forecloses a determination of the questions of materiality or relevancy. In *People* v. *Holland,* 204 Cal.App.2d 77, 81 [23 Cal.Rptr. 84], the court said: ''Where a question to which an objection is sustained does not of itself indicate that the answer will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal, an offer of what is proposed to be proven first must be made to the trial court so that the reviewing court may determine whether such evidence would have been material and beneficial to the party offering it. [Citations.] This general rule is particularly applicable where the question appears to call for hearsay testimony.'' (In accord: *People* v. *Rosson,* 202 Cal. App.2d 480, 489 [20 Cal.Rptr. 833]; *People* v. *Bryant,* 157 Cal.App.2d 528, 533 [321 P.2d 45]; *People* v. *Ratten,* 39 Cal. App.2d 267, 270 [102 P.2d 1097].) ▪ Furthermore, assuming error in the rejection of the conversations in question, absent a showing of the contents thereof any prejudice from the exclusion cannot be determined. On appeal the duty devolves upon appellant not only to specify the error of which he complains, but also to establish its prejudicial nature, i.e., that it resulted in a miscarriage of justice. (*People* v. *Britton,* 6 Cal.2d 10, 13 [56 P.2d 491]; *People* v. *Marshall,* 209 Cal. 540, 550 [289 P. 629]; *People* v. *Massey,* 151 Cal.App.2d 623, 649 [312 P.2d 365].)

▪ Appellant's contention that instructions on the prior conviction issue were error also is without merit. There was no question of fact on this issue for submission to the jury. The evidence is without dispute, and conforms to appellant's testimony in the premises, that he pleaded guilty to the offense of possession of heroin in 1963 and, as a result thereof, was committed for treatment as a narcotics addict. The issue on appeal is whether this plea of guilty constituted a conviction within the meaning of Health and Safety Code section 11501, which

imposes a longer term of imprisonment for the offense of selling heroin where the offender "has been previously convicted" of a narcotics offense. ██ "A plea of guilty constitutes a conviction." (*Stephens* v. *Toomey*, 51 Cal.2d 864, 869 [338 P.2d 182]; *People* v. *Banks*, 53 Cal.2d 370, 390 [1 Cal.Rptr. 669, 348 P.2d 102].) ██ The fact that upon conviction further proceedings are suspended and a defendant is committed as a narcotics addict under the provisions of former Penal Code section 6451 (Welf. & Inst. Code, § 3051), does not foreclose the effect of the conviction in determining the extent of punishment for a second offense. The intent of the statute in this regard is clear as demonstrated by Welfare and Institutions Code section 3200, which provides that upon the successful completion of a narcotics addiction commitment, the court shall discharge the person committed from the program and "may dismiss the criminal charges of which such person was convicted," but "the conviction is a prior conviction for purposes of Division 10 of the Health and Safety Code," which includes section 11501 increasing the punishment for the offense of selling heroin where the offender "has been previously convicted" of a narcotics offense. It would be absurd to construe the applicable statutes as providing that a conviction resulting in a narcotics addiction commitment is a "prior conviction" under Health and Safety Code section 11501 where the person committed is discharged from the program and the criminal proceeding resulting in the conviction is dismissed, but is not such a conviction where there is no discharge or dismissal. A construction of a statute that leads to an absurdity should be rejected. (*Warner* v. *Kenny*, 27 Cal.2d 627, 629 [165 P.2d 889]; *People* v. *Kuhn*, 216 Cal.App. 2d 695, 698 [31 Cal.Rptr. 253].) It has been held a conviction is such for prior conviction purposes, even though imposition of judgment thereon is suspended and the defendant is placed on probation. (*People* v. *Christman*, 41 Cal.App.2d 158, 160 [106 P.2d 32]; *People* v. *Rosencrantz*, 95 Cal.App. 92, 94 [272 P. 786]; gen. see *People* v. *Banks*, 53 Cal.2d 370, 386-387 [1 Cal.Rptr. 669, 348 P.2d 102]); and also is a conviction for impeachment purposes even though criminal proceedings are suspended, judgment is not pronounced, and the defendant is committed to the Youth Authority. (*People* v. *Williams*, 27 Cal.2d 220, 229 [163 P.2d 692].) The decisions in these analogous situations support the conclusion that a conviction of a narcotics offense is such for prior conviction purposes under Health and Safety Code section 11501, even though criminal

proceedings following conviction are suspended pursuant to former Penal Code section 6451.

The judgment is affirmed.

Brown, P. J., and Whelan, J., concurred.

A petition for a rehearing was denied August 8, 1966, and appellant's petition for a hearing by the Supreme Court was denied September 14, 1966.