**UNITED STATES of America ex rel. Jon M. MUDRY, Appellant,**

**v.**

**Alfred T. RUNDLE, Supt., etc., Appellee.**

**No. 18491.**

United States Court of Appeals, Third Circuit.

Argued June 16, 1970.

Decided July 17, 1970.

Lane Taylor, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellant.

Carl Feldbaum, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Deputy Dist. Atty., for Law, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa.), on the brief, for appellee.

Before McLAUGHLIN, STALEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant pleaded guilty in a Commonwealth of Pennsylvania court to unlawful use of narcotics and felonious possession of narcotics. He is confined to a Commonwealth correction institution. His petition of habeas corpus was denied by the District Court.

■ It is carefully and strongly urged on his behalf that because he was an addict, his conviction for unlawful use of drugs was really punishing him for his addiction. There is no such crime under Pennsylvania law. Robinson v. California, 370 U.S. 660, 664, 82 S.Ct. 1417, 1419, 8 L.Ed.2d 758 (1962), relied on here by appellant, itself states that "There can be no question of the authority of the state in the exercise of its police power to regulate the administration, sale, prescription and use of dangerous and habit forming drugs * *." Cf. Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

■ It is also urged that appellant's convictions and sentences for both possession and use of narcotics constitute double jeopardy. These offenses were not successive steps in the same transaction. The one crime did not necessarily involve the other. There was no merger

of the crimes. The conviction and sentence for both was fully justified. Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920 (1941); Commonwealth v. McCusker, 363 Pa. 450, 70 A.2d 273 (1950).

The judgment of the District Court will be affirmed.

We are grateful to assigned counsel for his most capable representation of appellant.