**Richard SANCHEZ, Plaintiff-Appellant,**

v.

**Louis S. NELSON, Warden, Defendant-Appellee.**

**No. 71-1172.**

United States Court of Appeals, Ninth Circuit.

July 22, 1971.

———◆———

Richard Sanchez, pro. per.

Evelle J. Younger, Atty. Gen., Gloria DeHart, Timothy A. Reardon, Deputy Attys. Gen., San Francisco, Cal., for defendant-appellee.

Before HAMLEY, ELY, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, in state custody following his conviction for a narcotics offense, appeals from an order denying his petition for federal habeas relief.[1]

In his federal habeas application, appellant sought relief on three grounds that he had unsuccessfully urged in the state courts: (1) He had been denied a fair trial by the method the prosecution had used in proving his prior narcotics offense and by the erroneous allegation in the information that he had served a term in state prison; (2) the use of his prior conviction to enhance punishment was cruel and unusual punishment under Robinson v. California (1962) 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758;[2] and (3) he had been denied effective assistance of counsel, because there was a conflict of interest between him and his co-defendant who were jointly represented.

■ We agree with the district court that the first two grounds failed to state a claim for federal habeas relief. There was no denial of due process in the prosecution's proof of appellant's prior conviction (Spencer v. Texas (1967) 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606), and, from the facts alleged in the petition, it is plain that the manner in which the prior conviction was alleged and proved did not prejudice him. Because his prior conviction was for possession of narcotics, not for his status as an addict, the use of the prior conviction to enhance punishment for a second narcotics offense does not transgress Robinson v. California, supra, 370 U.S. at 664–666, 82 S.Ct. 1417. (*See also* Ramos v. United States (9th Cir. 1970) 432 F.2d 423; United States ex rel. Mudry v. Rundle (3d Cir. 1970) 429 F.2d 1316.)

■ The district court rejected the effective counsel issue on the ground that the petition indicated that the defenses of the jointly represented defendants were "entirely consistent." The district court's test was flawed. We have held that, in deciding whether or not joint representation deprived one or both defendants of effective counsel, the appropriate inquiries are: Did the representation deprive either or both of the defendants of the undivided loyalty of counsel? Did counsel have to, or did he in fact, "slight the defense of one defendant for that of another"? (Peek v. United States (9th Cir. 1963) 321 F.2d 934, 944, cert. denied (1964) 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973.)

■ The conclusion of the California appellate court that appellant's representation was not impaired does not supply a basis for sustaining the district court's determination of the issue. The district court cannot rely on conclusions in a state court's opinion. (Linden v. Dickson (9th Cir. 1961) 287 F.2d 55, 58.) It must examine the transcript of the state court proceeding and, if neces-

---

1. The factual background is related in the opinion of the California Court of Appeal, People v. Sanchez (1969) 2 Cal.App.3d 467, 82 Cal.Rptr. 582.

2. Petitioner had been civilly committed to a hospital under § 3051, California Welfare and Institutions Code, upon his prior offense. California has held that "[t]he

fact that upon conviction further proceedings are suspended and a defendant is committed as a narcotics addict * * * does not foreclose the effect of the conviction in determining the extent of punishment for a second offense." People v. Rodriguez (1966) 243 Cal.App.2d 522, 527, 52 Cal.Rptr. 643, 646.

sary, hold an evidentiary hearing. (Valdez v. California (9th Cir. 1971) 439 F. 2d 1405; Maxwell v. Eyman (9th Cir. 1970) 429 F.2d 502.)

The order is reversed, and the cause is remanded for further proceedings in respect solely of the representation issue.