**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARMEN MORENO BARBA,

Defendant-Appellant.

No. 97-3021

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 96-10028-3)

---

Submitted on the briefs:

Jackie N. Williams, United States Attorney, David M. Lind, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

Roger L. Falk of Law Office of Roger L. Falk, P.A., Wichita, Kansas, for Defendant-Appellant.

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

Defendant Carmen Barba appeals her sentence contending the district court improperly calculated her base offense level in sentencing her to sixty months' imprisonment followed by a three-year period of supervised release. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.[1]

Defendant pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. The presentence report concluded that defendant qualified as a career offender because of two prior felony convictions in California each involving possession for sale of a controlled substance. Defendant objected to the district court's use of these two state convictions, contending that, because she was civilly committed to a narcotic treatment program as a result of those convictions, they should not have been counted for purposes of establishing career offender status. The district court overruled defendant's objections and imposed the sentence described above.

The district court's conclusion that defendant qualifies as a career offender is a legal question accorded de novo review. United States v. Mitchell, 113 F.3d 1528, 1532 (10th Cir. 1997), cert. denied, 66 U.S.L.W. 3456 (U.S. Jan.12, 1998)

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

(No. 97-6910).  We apply the 1996 version of the Guidelines Manual because that version was in effect on January 27, 1997, the date of defendant's sentencing. See United States v. Moudy, 132 F.3d 618, 620 n.1 (10th Cir. 1998).

Under U.S.S.G. § 4B1.1:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. . . .  A career offender's criminal history category in every case shall be Category VI.

The definition section applicable to 4B1.1 states:

> "Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed.*

U.S.S.G. § 4B1.2, Note 3 (emphasis added); see also United States v. Ricks, 5 F.3d 48, 49 (3d Cir. 1993)(affirming a career offender enhancement even where actual sentence for prior burglary was less than one year).

As a result of her controlled substance convictions in California, defendant was civilly committed to a narcotics treatment program provided for by California statute.  She argues that this commitment should prohibit consideration of the convictions for purposes of § 4B1.1.  We disagree.

-3-

The statute under which defendant was civilly committed is part of the California Welfare and Institutions Code. It provides in pertinent part:

> Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section.

Cal. Welf. & Inst. Code § 3051. In Padilla v. Ackerman, 460 F.2d 477, 477-78 (9th Cir. 1972), the Ninth Circuit explained the application of this statute.

> The State of California has by statute instituted an elaborate program for the medical treatment of defendants convicted of crime and who are "addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics. . . ." *Immediately upon the conviction* of a defendant who appears to have a narcotics problem, the trial court is required to "adjourn the proceedings or suspend imposition or execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility. . . .

(citation omitted; emphasis added). California courts have held that commitment under this statute does not foreclose consideration of the underlying prior conviction for sentencing purposes on a later offense. See People v. Rodriguez, 52 Cal. Rptr. 643 (Cal. Dist. Ct. App. 1966).

Defendant reads this California statute with 28 U.S.C. § 2904 which provides:

> The determination of narcotic addiction and the subsequent civil commitment under this chapter shall not be deemed a criminal conviction. The results of any tests or procedures conducted by the Surgeon General or the supervisory aftercare authority to determine narcotic addiction may only be used in a further proceeding under this chapter. They shall not be used against the examined individual in any criminal proceeding except that the fact that he is a narcotic addict may be elicited on his cross-examination as bearing on his credibility as a witness.

Defendant concludes that, because she was civilly committed for narcotics treatment in California, § 2904 prohibits the determination of addiction and subsequent commitment from being counted as a criminal conviction. The district court, however, did not enhance defendant's sentence because of her status as an addict or because of her subsequent commitment for treatment. Defendant was treated as a career offender because she had been convicted of two prior controlled substance felonies. Defendant loses sight of the fact that, before she was civilly committed, she had been convicted of the two predicate offenses. In sentencing defendant, the district court concluded that "[t]he fact that defendant's sentences of confinement resulting from [her] convictions were subsequently suspended and defendant was civilly committed to a narcotics treatment program does not preclude the counting of these convictions under the career offender guideline." R. Vol. I, tab 119 at 2. We agree with the district court.

In <u>Dunn-Marin v. INS</u>, 426 F.2d 894, 895 (9th Cir. 1970), the Ninth Circuit reviewed an order of deportation imposed under § 241(a)(11) of the Immigration and Nationality Act of 1952. The court rejected petitioner's argument that he was not deportable because his commitment as a narcotic drug addict under § 3051 did not constitute a prior conviction. The court observed that the argument was foreclosed "by a long line of decisions by this court." <u>See</u> <u>id.</u> at 895 (citing cases).

Further, in an appeal from the denial of a petition for writ of habeas corpus, the Ninth Circuit held that the use of the petitioner's prior conviction for possession of narcotics to enhance subsequent punishment was not unconstitutional despite the fact that the petitioner had been civilly committed under § 3051. <u>See</u> <u>Sanchez v. Nelson</u>, 446 F.2d 849 (9th Cir. 1971). The court observed that "[b]ecause his prior conviction was for possession of narcotics, not for his status as an addict, the use of the prior conviction to enhance punishment for a second narcotics offense does not transgress <u>Robinson v. California</u>." <u>Id.</u> at 850.

We have recently held that a prior conviction sealed under Arkansas law was not expunged for Sentencing Guidelines purposes, <u>see</u> <u>United States v. Hines</u>, No. 96-3134, 1998 WL 13238, at *6 (10th Cir. Jan. 16, 1998), and that a prior conviction set aside under the Federal Youth Corrections Act was properly

-6-

included in calculating the defendant's criminal history category, see United States v. Wacker, 72 F.3d 1453, 1479-80 (10th Cir. 1995).  If those arguments were not sufficiently persuasive to provide protection from a determination of career offender status, defendant's argument is even less compelling.

AFFIRMED.