**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George CAMARA, aka Juan Jose Ca-**
**mara; Miguel Jorge Camara; Jorge**
**Camara; Juan Jose Camara–Miguel;**
**Jorge Miguel Camara; George Cam-**
**era Defendant–Appellant.**

No. 02–50568.
D.C. No. CR–00–1095–GAF–13.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 12, 2003.

Ronald L. Cheng, Lisa E. Feldman, Erik M. Silber, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Shakti Murthy, Santa Monica, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM**

George Camara appeals his sentence from a conviction for conspiracy to possess with intent to distribute cocaine. We affirm.

█ Camara argues that the district court erred in considering him a "career offender" for purposes of sentencing because one of his prior convictions resulted in a civil commitment to the California Rehabilitation Center ("CRC") instead of

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

criminal custody. A "career offender" under U.S.S.G. § 4B1.1(a) is someone who is at least eighteen years old, who has previously been convicted of two or more felonies that are crimes of violence or controlled substance offenses, and for whom the instant offense is a felony that is a crime of violence or a controlled substance offense. A "controlled substance offense" is defined in U.S.S.G. § 4B1.2(b) as "an offense under federal or state law, punishable by a term of imprisonment of more than one year," that prohibits certain activities involving a controlled substance. There is no question that Camara's 1993 convictions were controlled substance offenses for purposes of § 4B1.2. *See United States v. Sandoval–Venegas*, 292 F.3d 1101, 1107 (9th Cir.2002).

Section 4B1.2 is predicated upon the offense's being punishable by a term of more than one year. Thus its application turns upon the potential sentence—not upon the actual sentence imposed. Application Note 1 to U.S.S.G. § 4B1.2 indicates that this is § 4B1.2's meaning, for it provides that "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Accordingly, the plain meaning of this guideline encompasses Camara's conviction because the maximum punishment was greater than one year.

Camara also submits that the determination that he deserved civil commitment rather than criminal punishment shows that he should not be treated as a career criminal. We disagree. The court was not precluded from classifying him as a career offender just because his sentence of confinement was suspended and he was civilly committed to a narcotics treatment program. *See United States v. Davis*, 932 F.2d 752, 764 (9th Cir.1991) (holding that the district court was not precluded from classifying Davis as career offender just because state court imposed misdemeanor sentence for prior controlled substance offense).

■ Finally, Camara contends that the purposes of § 4B1.1(a) are not served by classifying one who suffers from narcotics addiction as a career offender. However, Camara was not punished for his status as an addict, *Sanchez v. Nelson*, 446 F.2d 849, 850 (9th Cir.1971) (per curiam), but for possession of controlled substances with the intent to sell them to others, Cal. Health & Safety Code §§ 11351, 11359.

AFFIRMED.